SEYFARTH SHAW LLP
Michael J. Burns
mburns@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 397-8549

SEYFARTH SHAW LLP
Hyun B. Lee
mhlee@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:   (213) 270-9601

Attorneys for Defendants
XPO Enterprise Services, LLC, erroneously sued
as XPO Enterprise Services, Inc. and
XPO Logistics Freight, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIDRO PADILLA, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>XPO ENTERPRISE SERVICES, INC., a corporation dba XPO LOGISTICS; XPO LOGISTICS FREIGHT, INC., a corporation; and DOES 1 through 20, inclusive,,<br><br>　　　　　Defendants. | Case No. 2:21-cv-2299<br><br>**XPO ENTERPRISE SERVICES, LLC AND XPO LOGISTICS FREIGHT, INC.'S NOTICE OF REMOVAL**<br><br>Complaint Filed:　　December 15, 2020<br><br>[Filed Concurrently with Declaration of Nate Gibson; Declaration of Hyun B. Lee; Certification as to Interested Parties; and Civil Cover Sheet]<br><br>Removed from the Superior Court of California County of Los Angeles Case No. 20STCV47925 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants XPO Enterprise Services, LLC, erroneously sued as XPO Enterprise Services, Inc.. and XPO Logistics Freight, Inc. (collectively "XPO" or "Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. XPO's removal is proper for the following reasons:

**I.   PROCEEDINGS IN STATE COURT**

1. On December 15, 2020, Plaintiff Isidro Padilla filed an unverified Complaint ("Complaint") in the Superior Court of the State of California, County of Los Angeles (Central Branch), entitled "Isidro Padilla vs. XPO Enterprise Services, Inc. and XPO Freight Logistics, Inc. and DOE 1 through 20, inclusive" designated Case No. 20STCV47925 ("Superior Court Action"). A true and correct copies of the Complaint, First Amended Complaint, and all other documents served on Defendants are attached hereto as Exhibit 1.

2. The Complaint alleges claims for: (1) disability discrimination in violation of Gov't Code §§12940 *et seq*; (2) retaliation in violation of Gov't Code §§112940 *et seq;* in violation of Govt. Code §12940(a); (3) failure to prevent discrimination and retaliation in violation of Govt. Code §§12940(k) et seq.; (4) retaliation in violation of Gov't Code 12945.2 *et. seq*; (5) failure to provide reasonable accommodations in violation of Gov't Code §§12940 *et seq;* (6) failure to engage in a good faith interactive process in violation of Gov't Code §§12940 *et seq*; and (7) wrongful termination in violation of public policy. (See generally, Exhibit 1 "Complaint")

3. The Complaint was served on Defendants XPO Enterprise Services, LLC. and XPO Logistics Freight, Inc. on February 12, 2021. Declaration of Nate Gibson ("Gibson Decl.") ¶ 6.

4. On March 15, 2021, Defendants filed an Answer to Plaintiff's unverified Complaint. A true and correct copy of Defendant's Answer to the Complaint is attached hereto as Exhibit 2.

5. A Case Management Conference is currently scheduled for April 15, 2021. Declaration of Hyun B. Lee in Support of Defendant's Notice of Removal ("Lee Decl.") ¶ 6.

6. No other filed pleadings or orders have been served on Defendants as of the date hereof. Thus, Defendants are informed and believe that the documents attached to this notice as Exhibits 1 and 2 constitute the entirety of the state court file in this action.

## TIMELINESS OF REMOVAL

7. This Notice of Removal is timely since it is filed within thirty (30) days of service of the Summons and Complaint. 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C) (if the last day to remove "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"); *Melamed v. JPMorgan Chase Bank, N.A.*, 2015 WL 5923533, at *3 (C.D. Cal. October 8, 2015) (applying Fed. R. Civ. P. 6(a)(1)(C) to the deadline to remove). Defendants were served on February 12, 2021. (Gibson Decl.¶ 6; Lee Decl. ¶ 3.) Accordingly, thirty (30) days since (1) service of the Summons and Complaint, or (2) dismissal of the non-diverse defendant, has not yet expired, and thus, this Notice is timely pursuant to 28 U.S.C. §§ 1446(b)(3). *See also* Fed. R. Civ. P. 6.

## DIVERSITY JURISDICTION

8. This Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. section 1441(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

# CITIZENSHIP OF PARTIES

**A. Plaintiff's Citizenship**

9. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Gonzalez v. Starwood Hotels*, 2016 WL 1611576, at *2 (C.D. Cal. April 21, 2016). A party's residence is *prima facie* evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Golub v. Wells Fargo Bank, N.A.*, 2014 WL 997336, at *1 (C.D. Cal. March 13, 2014) (plaintiff's uncontroverted claim of residence in complaint sufficient to establish citizenship for purposes of diversity).

10. Plaintiff is a resident of Los Angeles, California and was employed in Defendants' location in Santa Fe Springs, California. *See* (Exh. 1 "Complaint" ¶¶ 2-5; Gibson Decl. ¶ 7).

11. Indeed, as part of his application for employment, Plaintiff listed a California address in Lynwood, California and maintained a California address on file for purposes of his personnel file, payroll checks, state payroll, and tax withholdings during his employment. Plaintiff has not informed Defendant of any address change. (Gibson Decl. ¶ 5) Defendant is informed and believes, and on that basis alleges, that Plaintiff's last known address is in California. .

12. Therefore, Plaintiff was domiciled and worked in California, and accordingly, Defendant alleges and believes that Plaintiff is, or was at the time of the filing of this civil action, a citizen of California.

**B. Defendants XPO Enterprise Services, LLC and XPO Logistics Freight, Inc.'s Citizenship**

13. For diversity purposes, a "corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)); *Castanon v. Int'l Paper Co.*, 2016 WL 589853, at *2 (C.D. Cal. February 11, 2016). Under the "nerve center" test, the principal place of business is

the state where the "officers direct, control, and coordinate" the corporation's activities and where the corporation maintains its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Castanon*, 2016 WL 589853, at *2.

14.  Defendant XPO Enterprise Services, LLC is incorporated in Delaware and its principal place of business is in Portland, Oregon.  (Gibson Decl. ¶ 3) Defendant XPO Logistics Freight, Inc. is incorporated in Delaware and its principal place of business is in Ann Arbor, Michigan.  (Gibson Decl. ¶ 4) Accordingly, Defendant XPO Enterprise Services, LLC was at the time this action was commenced and remain a citizen of the States of Delaware and Oregon within the meaning of 28 U.S.C. Section 1332(c)(1). Defendant XPO Logistics Freight, Inc. was at the time this action was commenced and remain a citizen of the States of Delaware and Michigan within the meaning of 28 U.S.C. Section 1332(c)(1).

**C. Doe Defendants' Citizenship**

15.  The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. (28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."))

16.  Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  (*Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants one through 50, inclusive, does not deprive this Court of jurisdiction.

**II.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

17.  While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because, it is more likely than not, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000 based on the allegations, claims, and prayer for relief set forth in Plaintiff's Complaint.

18. An action may be removed if the defendant establishes, by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007). To establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). The jurisdictional amount may be determined from the face of the complaint. *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). However, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

19. In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.,* 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

### 1. Alleged Lost Wages, Benefits, and Emotional Distress

20. Plaintiff seeks to recover lost wages and benefits following his alleged wrongful termination, disability discrimination, and retaliation. (Ex. 1, Complaint ¶¶ 32, 33, and Prayer for Relief.) At XPO, Plaintiff earned approximately $61,400.00 annually. (Gibson Decl. ¶ 7) As such, if trial were set for a year from now, Plaintiff could potentially seek $117,683.33 (or $5,116.66 x 23 months from April 15, 2020 (Plaintiff's last date worked) through March 15, 2022 (the projected date of the trial) in back wages alone, not including damages for lost benefits. This sum does not include any future

wages Plaintiff seeks to recover which would only increase the amount in controversy. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (future wages are "at stake" in the litigation and must be considered in assessing the amount in controversy); *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.")

21. In addition to lost wages, Plaintiff seeks to recover general damages including, but not limited to, "emotional and mental distress," "anxiety," "depression," "headaches," "tension," and "other physical ailments" as well as medical expenses and expenses for "psychological counseling and treatment." (Ex. 1, Complaint, ¶¶ 32, 34 and Prayer for Relief ¶ 1.)

22. To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts and claims. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). California jury verdicts in similar cases alleging retaliation and wrongful termination often exceed $75,000. *See Aguilar v. LA Metro BP Holding Co., LLC, et al.*, BC651278, 2018 WL 7286562 (Los Angeles Sup. Ct., Nov. 20, 2018) (jury awarded $265,000 in general damages for claims of discrimination, harassment, retaliation, failure to prevent harassment and discrimination, and wrongful termination). True and correct copies of verdict information in employment cases with discrimination, harassment, and retaliation claims are attached hereto as Exhibit 3.

23. As alleged in the Complaint, Plaintiff claims he was discriminated against, retaliated against, and ultimately terminated, and that he experienced emotional and mental distress as well as physical ailments. (Ex. 1, Complaint, ¶¶ 32, 34 and Prayer for Relief ¶ 1.). These allegations are factually similar to the issues presented in the above cases, which demonstrate that, for diversity purposes, the value of Plaintiff's emotional distress claims on their own exceed the $75,000 amount in controversy requirement.

### 2. Punitive Damages

24. Additionally, Plaintiff seeks to recover punitive damages against Defendant. (Ex. 1, Complaint, ¶¶ 35, 45, 56, 61, 72, 79, 86, 95, and Prayer for Relief ¶ 5.) Verdicts show that punitive damages in similar employment cases typically exceed $75,000.00 alone. *See Aguilar, supra* (jury awarded $145,000.00 in punitive damages for claims of discrimination, harassment, retaliation, failure to prevent harassment and discrimination, and wrongful termination).

### 3. Attorney's Fees

25. Plaintiff also seeks to recover attorneys' fees and costs. (Ex. 1, Complaint, ¶¶ 46, 57, 62, 73, 80, 87, , Prayer for Relief ¶ 8.) Requests for attorney's fees must be considered in ascertaining the amount in controversy. *See Galt*, *supra*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether award is discretionary or mandatory). Here, Plaintiff, if successful, would be entitled to an award of attorneys' fees that itself "more likely than not" would exceed $75,000.00.

26. While Defendants deny any liability as to Plaintiff's claims, for each of the foregoing reasons, it is "more likely than not" that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

## III. VENUE

27. Plaintiff filed this action in the Superior Court of California, County of Los Angeles.

28. The County of Los Angeles lies within the jurisdiction of the United States District Court, Central District of California.

29. Therefore, without waiving Defendants' right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a). This Court is the United States District Court for the district within which the State Court Action is pending.  Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

**IV.   SERVICE OF NOTICE OF REMOVAL ON STATE COURT**

30.   A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required under 28 U.S.C. § 1446(d).

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: March 15, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/     Hyun B. Lee*
Michael J. Burns
Hyun B. Lee
Attorneys for Defendants
XPO Enterprise Services, LLC. and
XPO Logistics Freight, Inc.